United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PAUL SAMUEL JOHNSON,

        Plaintiff,

   v.

CHAPELL, Warden, CDC STAFF,
STATE OF CALIFORNIA, UNITED
STATES GOVERNMENT, and MEDICAL
STAFF AT SAN QUENTIN STATE
PRISON,

        Defendants.

Case No.: C 14-1300 CW (PR)

ORDER OF DISMISSAL WITH LEAVE
TO AMEND

INTRODUCTION

    Plaintiff, a state prisoner incarcerated at San Quentin State
Prison (SQSP), has filed a pro se civil rights action pursuant to
42 U.S.C. § 1983, alleging the violation of his constitutional
rights.  His motion for leave to proceed in forma pauperis is
granted in a separate order.

DISCUSSION

I. Legal Standard

    A federal court must conduct a preliminary screening in any
case in which a prisoner seeks redress from a governmental entity
or officer or employee of a governmental entity.  28 U.S.C.
§ 1915A(a).  In its review, the court must identify any cognizable
claims and dismiss any claims that are frivolous, malicious, fail

to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  <u>Id.</u> § 1915A(b)(1), (2).  <u>Pro se</u> pleadings must be liberally construed. <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right.  <u>Lemire v. Cal. Dept. Corrections & Rehabilitation</u>, 726 F.3d 1062, 1074 (9th Cir. 2013); <u>Leer v. Murphy</u>, 844 F.2d 628, 634 (9th Cir. 1988.  A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains.  <u>Leer</u>, 844 F.2d at 633.  Under no circumstances is there respondeat superior liability under section 1983.  <u>Lemire</u>, 727 F.3d at 1074.  Or, in layman's terms, under no circumstances is there liability under section 1983 solely because one is responsible for the actions or omissions of another.  <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989); <u>Ybarra v. Reno Thunderbird Mobile Home Village</u>, 723 F.2d 675, 680-81 (9th Cir. 1984).  A supervisor may be liable under section 1983 upon a

**United States District Court**
For the Northern District of California

showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Henry A. v. Willden, 678 F.3d 991, 1003-04 (9th Cir. 2012).  It is insufficient for a plaintiff only to allege that supervisors knew about the constitutional violation and that they generally created policies and procedures that led to the violation, without alleging "a specific policy" or "a specific event" instigated by them that led to the constitutional violations.  Hydrick v. Hunter, 669 F.3d 937, 942 (9th Cir. 2012)

II. Plaintiff's Allegations

In his complaint, Plaintiff alleges the following.  Plaintiff suffers from degenerative disc disease of the lumber spine, degenerative disease of the right hip and scoliosis of the upper spine which cause him severe nerve pain.  One of Plaintiff's legs is longer than the other which adds to his spine and hip pain. Plaintiff also has an umbilical hernia which causes him a high level of pain.  Three days prior to his arrest on August 11, 2013, Plaintiff "fell three-stories" and, as a result of this fall, there is something wrong with his right shoulder, head and spine. Plaintiff suffers from post-traumatic stress disorder and has memory problems because of his head injuries.

SQSP medical staff refuse to provide Plaintiff with proper pain medication or to order X-rays or MRIs for his spine, hip, shoulder and head injuries.  Medical staff also refuse to provide Plaintiff with mobility devices such as a cane, orthotic shoes, a shoe lift and a lower tier bunk.

Plaintiff seeks damages and a preliminary injunction requesting relief such as: (1) X-rays and MRIs for his spine, hip,

3

shoulder and head; (2) narcotic pain medication three times per day; (3) mobility devices; (4) regular appointments with mental health staff; (5) a sonogram for his heart valves because he suffers from heart pain and has symptoms of heart trouble; (6) a prostate examination because he has had problems using the bathroom for the last four years; and (7) transfer to another prison because, in 2008 when he was at SQSP, he was falsely accused and convicted of a "threat to staff" charge and now feels that he is in danger from correctional officers.

A. Claim for Deliberate Indifference to Serious Medical Needs

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." McGuckin, 974 F.2d at 1059. A prison official exhibits deliberate indifference when he knows of and disregards a substantial risk of serious harm to inmate health or safety. Farmer, 511 U.S. at 837.

In order for deliberate indifference to be established, there must be a purposeful act or failure to act on the part of the defendant and resulting harm. McGuckin, 974 F.2d at 1060.

United States District Court
For the Northern District of California

Deliberate indifference may be shown when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown in the way in which they provide medical care.  Id. at 1062.

1. Claim for Damages

The allegations in Plaintiff's complaint fail to state a claim for deliberate indifference to his serious medical needs. Even if Plaintiff's medical conditions qualify as serious medical needs, he fails to name any specific individual who failed to treat his medical needs.  He mentions that "a Russian sounding nurse" made fun of his 602 appeal and he "thinks" his doctor's name is "Dr. Hanna," but he is not sure and refers to her as "Dr. Jane Doe."  These allegations fail to identify sufficiently any individual who violated Plaintiff's Eighth Amendment rights. Therefore, Plaintiff's Eighth Amendment claim for damages must be dismissed with leave to amend for Plaintiff to name specific individuals who denied him medical care with the state of mind that amounts to deliberate indifference.  See Leer, 844 F.2d at 634.  To show an individual acted with deliberate indifference, Plaintiff must include factual allegations indicating how that person denied, delayed or intentionally interfered with Plaintiff's medical treatment, or provided medical care in a way that indicates his or her deliberate indifference.  See McGuckin, 974 F.2d at 1062.  To state a cognizable claim that a supervisor acted with deliberate indifference, Plaintiff must include factual allegations that the supervisor had (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.  See Henry, 678 F.3d at 1003-04.

**United States District Court**
For the Northern District of California

2. Request for Immediate Injunctive Relief

The Court interprets Plaintiff's request for immediate injunctive relief as a request for a temporary restraining order (TRO) or preliminary injunction. This request must be denied for failure to satisfy the notice requirements of Federal Rule of Civil Procedure 65. Prior to granting a preliminary injunction, notice to the adverse party is required. Fed. R. Civ. P. 65(a)(1). A request for a preliminary injunction therefore cannot be decided until the parties to the action are served, and they have not yet been served here. See Zepeda v. INS, 753 F.2d 719, 727 (9th Cir. 1983). A TRO may be granted without written or oral notice to the adverse party or that party's attorney if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's attorney (plaintiff himself in this case, as he proceeds pro se) certifies in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required. Fed. R. Civ. P. 65(b). Plaintiff has not satisfied either requirement.

The standards for issuing a TRO and preliminary injunction are the same. See New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). The proper legal standard for preliminary injunctive relief requires a party to demonstrate "(1) that he is likely to succeed on the

merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009).

As a corollary to this test, the Ninth Circuit has also found a preliminary injunction appropriate if "serious questions going to the merits were raised and the balance of the hardships tips sharply in the plaintiff's favor," thereby allowing preservation of the status quo where complex legal questions require further inspection or deliberation. Alliance for the Wild Rockies v. Cottrell, 622 F.3d 1045, 1049 (9th Cir. 2010).

At this early stage in the proceeding, it is not possible to determine if Plaintiff meets the test for injunctive relief. Therefore, the claims for injunctive relief will not be addressed until Plaintiff's claims are served on properly named Defendants.

B. Claim for Unsafe Prison Conditions

In his request for injunctive relief, Plaintiff alludes to the fact that SQSP is not safe for him because he feels threatened by unnamed officers.

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. Farmer, 511 U.S. at 832. The failure of prison officials to protect inmates from dangerous conditions at the prison violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate safety. Id. at 834.

A claim of deliberate indifference to Plaintiff's safety fails because he has not named any individual in relation to this claim.  If Plaintiff wishes to re-allege this claim, he may do so in an amended complaint, naming specific individuals and including factual allegations showing how they acted with deliberate indifference to his safety.

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.   Plaintiff's complaint is DISMISSED.

2.   Within twenty-eight (28) days from the date of this Order, Plaintiff may file an amended complaint in order to cure the deficiencies noted above.

Plaintiff shall use the court's civil rights complaint form, a copy of which is provided herewith, and include in the caption both the case number of this action, No. C 14-1300 CW (PR), and the heading "AMENDED COMPLAINT."  Because an amended complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Plaintiff may not incorporate material from the original complaint by reference.

If Plaintiff fails timely to file an amended complaint in conformity with this Order, the case will be dismissed without prejudice and will be closed.

3.   It is Plaintiff's responsibility to prosecute this case. He must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

Failure to do so may result in the dismissal of this action, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute.

1    4.    The Clerk of the Court shall provide Plaintiff with a

2    blank civil rights complaint form.

3

4    Dated: 6/5/2014

5                                    _____
                                     CLAUDIA WILKEN

6                                    UNITED STATES DISTRICT JUDGE