IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL SAMUEL JOHNSON,<br><br>    Plaintiff,<br><br>  v.<br><br>KEVIN CHAPELL, Warden, et al.,<br><br>    Defendants. | Case No.: C 14-1300 CW (PR)<br><br>ORDER FOR SERVICE<br>OF AMENDED COMPLAINT ON THREE<br>DEFENDANTS AND DISMISSING<br>CLAIMS AGAINST REMAINING<br>DEFENDANTS |

INTRODUCTION

Plaintiff, a state prisoner incarcerated at the Sierra Conservation Center (SCC) in Jamestown, California, filed a civil rights action under 42 U.S.C. § 1983, alleging constitutional violations by staff at San Quentin State Prison (SQSP), where he was previously incarcerated. On June 5, 2014, the Court dismissed Plaintiff's complaint with leave to amend. On July 14, 2014, Plaintiff filed a first amended complaint (1AC), which the Court now reviews under 28 U.S.C. § 1915A(a).

DISCUSSION

I. Legal Standard

   A. Preliminary Screening

   A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail

to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. Lemire v. Cal. Dept. Corrections & Rehabilitation, 726 F.3d 1062, 1074 (9th Cir. 2013); Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. Id. at 633. Under no circumstances is there respondeat superior liability under § 1983. Lemire, 727 F.3d at 1074. Or, in layman's terms, under no circumstances is there liability under § 1983 solely because one is responsible for the actions or omissions of another. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680-81 (9th Cir. 1984). A supervisor may be liable under § 1983 upon a showing of (1) personal involvement

2

in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Henry A. v. Willden, 678 F.3d 991, 1003-04 (9th Cir. 2012). It is insufficient for a plaintiff only to allege that supervisors knew about the constitutional violation and that they generally created policies and procedures that led to the violation, without alleging "a specific policy" or "a specific event" instigated by them that led to the constitutional violations. Hydrick v. Hunter, 669 F.3d 937, 942 (9th Cir. 2012).

B. Deliberate Indifference to Serious Medical Needs

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." McGuckin, 974 F.2d at 1059. A prison official exhibits deliberate indifference when he knows of and disregards a substantial risk of serious harm to inmate health or safety. Farmer, 511 U.S. at 837.

In order for deliberate indifference to be established, there must be a purposeful act or failure to act on the part of the defendant and resulting harm. McGuckin, 974 F.2d at 1060.

3

Deliberate indifference may be shown when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown in the way in which they provide medical care. Id. at 1062.

II. Allegations in 1AC

In the Order of Dismissal, the Court found that Plaintiff attempted to state an Eighth Amendment claim based on deliberate indifference to his serious medical needs by SQSP medical staff, but that he failed to do so. The Court stated that, even if Plaintiff's allegations about his physical ailments met the first requirement under Farmer, that he had serious medical needs, he failed to satisfy the second Farmer requirement because he did not name any specific individual who did not treat his medical needs. The Court explained that, "to show an individual acted with deliberate indifference, Plaintiff must include factual allegations indicating how that person denied, delayed or intentionally interfered with Plaintiff's medical treatment, or provided medical care in a way that indicated his or her deliberate indifference." See Doc. no. 6 at 5.

The Court also found that Plaintiff attempted to state a claim for unsafe prison conditions, but failed to do so because he had not named any individual at SQSP in relation to the claim. The Court stated that, if Plaintiff wished to re-allege this claim, he could do so in an amended complaint, naming specific individuals and how they acted with deliberate indifference to his safety.

In his 1AC, Plaintiff indicates that he has been transferred from SQSP to the SCC, which is located in the Eastern District of

United States District Court
For the Northern District of California

California. The seventy-one page 1AC primarily focusses on the allegedly unconstitutional treatment Plaintiff is receiving at the SCC. In its Order of Dismissal, the Court addressed only claims Plaintiff brought against SQSP employees and did not grant Plaintiff leave to sue new defendants at a different institution. Any claims against SCC staff must be brought in the proper venue, which is the Eastern District of California, where the SCC is located. See 28 U.S.C. § 1391(b) (venue is proper in the district in which (1) any defendant resides, if all defendants are residents of the same State in which the district is located, (2) the district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought). Therefore, the claims against SCC employees are dismissed without prejudice to Plaintiff asserting them in a complaint filed in the Eastern District. See 28 U.S.C. § 1406 (court may dismiss or transfer claims where venue is improper).

The Court has combed through the seventy-one pages of the 1AC and has found the following allegations pertaining to SQSP staff.

When Plaintiff arrived at SQSP, he was receiving for his pain Tylenol #3, four tablets per day. Dr. M. Hanna, a doctor in the SQSP reception center, saw Plaintiff on February 6, February 11 and March 27, 2014 and discontinued Plaintiff's pain medication without examining him or reading his medical file. 1AC at 4, 53. Dr. Hanna's failure to treat left Plaintiff in pain and caused him more injuries due to lack of proper care. 1AC at 53. Dr. Hanna

5

insisted that Plaintiff had no injuries or disabilities in spite of his documented leg length difference, hernia, and problems with his spine and hip. 1AC at 53-54.

Construed liberally, these allegations state a claim of deliberate indifference to Plaintiff's serious medical needs against Dr. Hanna.

The 1AC alleges that Plaintiff saw Registered Nurse Nina Podolsky on February 27, 2014 and prior to each doctor visit at SQSP and she denied Plaintiff "everything." 1AC at 66-67. The 1AC also alleges that Nurse Podolsky "answers 602 medical complaints, but has no clue legally what to say or do. She just deny's [sic] everything without even looking into your problems. She laughed at me when I filed 602's on Dr. Hanna and told me, 'Johnson, you don't know where your [sic] at do you?' implying I couldn't get a fair deal there." The 1AC alleges that, when Plaintiff's back went out, Nurse Podolsky laughed at him and told the guards that he was faking. Lastly, the 1AC alleges that Nurse Podolsky keeps patients waiting for hours while she gossips with the guards and makes fun of inmates.

The allegation that Nurse Podolsky "denied Plaintiff everything" does not indicate why Nurse Podolsky was treating Plaintiff and what she denied him. These omissions are fatal to stating a claim for deliberate indifference against Nurse Podolsky. That Nurse Podolsky kept patients waiting while she gossiped with guards may show rudeness, but does not constitute deliberate indifference to Plaintiff's medical needs. However, the allegation that Nurse Podolsky denied Plaintiff's 602 appeals against Dr. Hanna, liberally construed, states a deliberate

6

indifference claim.  See Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006) (prison administrator may be liable for deliberate indifference to a serious medical need if he knowingly fails to respond to inmate's request for help).

Likewise, liberally construed, the allegation that M.L. Davis, Appeals Coordinator at SQSP, denied Plaintiff's appeals states a deliberate indifference claim.  1AC at 71.

The 1AC also alleges that, after Plaintiff fell down at SQSP on February 6, 2014, he saw Dr. John Cranshaw in the "OCO" on February 6 and February 7, 2014.[1]  1AC at 64-65.  Dr. Cranshaw allegedly refused to examine Plaintiff, did not read Plaintiff's medical file or contact Plaintiff's outside doctors and assumed Plaintiff was "faking" his illness because a prison guard told him this.  1AC at 65.  The 1AC also alleges that, although Dr. Cranshaw was hostile to Plaintiff, on February 7, he ordered that Plaintiff be given a shot.  The shot did not stop Plaintiff's pain and Plaintiff was then taken back to his cell.  Id.

The allegations about Dr. Cranshaw, even construed liberally, fail to state a claim for deliberate indifference.  Dr. Cranshaw only saw Plaintiff twice, apparently for pain resulting from Plaintiff's fall.  In spite of Plaintiff's allegations that Dr. Cranshaw thought Plaintiff was "faking" and did not read Plaintiff's medical record, Dr. Cranshaw treated Plaintiff's pain by giving him "a shot."  These allegations do not show that Dr.

---

[1] Plaintiff does not indicate what the "OCO" is but, from the context of the allegations, it appears to be a prison hospital.

7

Cranshaw denied, delayed or interfered with Plaintiff's medical treatment.  The claim against Dr. Cranshaw is dismissed.

Plaintiff sues SQSP Warden Kevin Chapell based on the allegation that Warden Chapell knew of "these problems," because Plaintiff wrote to him, and did nothing to help.  1AC at 52.  This allegation fails to implicate Warden Chapell in the alleged constitutional violation committed by Dr. Hanna.  See Henry A., 678 F.3d at 1003-04 (supervisor may be liable under § 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation). The brief allegation pertaining to Warden Chapell does not show that he was personally involved in Dr. Hanna's alleged deliberately indifferent treatment of Plaintiff's serious medical needs nor does it show any wrongful conduct on the part of Warden Chapell that connects him to the alleged constitutional violation. The claim against Warden Chapell is dismissed.

Plaintiff also alleges that SQSP Officer Horria [sic][2] threatened to have Plaintiff "killed by the whites," if Plaintiff made "problems for him or his staff while Plaintiff was there." 1AC at 49.  Although a First Amendment claim may be based on threats to retaliate against an inmate for filing grievances against prison staff, this allegation is insufficient to state

---

[2] On the last page of his 1AC, Plaintiff indicates he is suing Officer Herrarri.  The Court assumes that Officer Horria and officer Herrarri is the same person.  Herrarri is the spelling used on the Court's electronic docket and the spelling the Court will use in this Order.  Plaintiff does not provide the first name for Officer Herrarri.

8

such a claim in that it does not allege that Officer Herrarri threatened Plaintiff because he filed grievances.  Furthermore, this claim must be dismissed based on improper joinder.

Federal Rule of Civil Procedure 20(a) provides that all persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and if "any question of law or fact common to all defendants will arise in the action."  The claim against Officer Herrarri is not based on the same transaction or occurrence or series of transactions and occurrences as the other claims in Plaintiff's complaint which assert deliberate indifference claims against Dr. Hanna, Nurse Podolsky and M.L. Davis; and there are no questions of law or fact common to these defendants.  Therefore, the claim against Officer Herrarri does not satisfy the joinder requirements under Rule 20(a).  Improper joinder can be resolved by dismissing the improperly joined parties.  See Fed. R. Civ. P. 21. Accordingly, the Court dismisses all claims in this action against Officer Herrarri.  Dismissal is without prejudice to Plaintiff filing a new action against Officer Herrarri, if he wishes to do so.

The 1AC contains the same general allegations about unsafe conditions at SQSP that Plaintiff asserted in his previous complaint, but again he does not name any individual at SQSP in relation to this claim.  1AC at 62-63.  Therefore, any unsafe conditions claim is dismissed with prejudice.

9

On the last page of the 1AC, Plaintiff states that, in addition to the individuals discussed above, he wants to sue Dr. Tootell, Governor Jerry Brown, California Department of Corrections and Rehabilitation (CDCR) Secretary Jeffrey Beard, the CDCR and the State of California.[3]  The Court can find no allegations in the 1AC pertaining to these individuals or entities.  Therefore, the 1AC fails to state a claim against them.

Plaintiff requests a preliminary injunction ordering Defendants to arrange for him to be examined by specialists outside of the CDCR, to prescribe stronger pain medication and to provide surgery for his spine, hernia and right shoulder.  He also wants Defendants to provide him with orthopedic shoes, a lift for his left foot, a back brace, a cane and a double mattress.

Plaintiff is now housed at SCC, not SQSP.  Therefore, prospective injunctive relief can be provided only by the staff at SCC, who are not parties to this action and over whom this Court lacks jurisdiction.  Therefore, the request for injunctive relief is denied without prejudice to filing it in connection with claims against the proper defendants in the proper venue.  See Fed. R. Civ. P. 65(d) (an injunction is binding only on the parties to the action, their officers, agents, servants, employees and attorneys).

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The claims against SCC staff, including the claim for injunctive relief, are dismissed without prejudice.  Plaintiff

---

[3] Plaintiff does not provide the first name for Dr. Tootell.

may, but is not required to, file a complaint alleging these claims in the proper venue.

2. The Eighth Amendment damages claim for deliberate indifference to serious medical needs against Dr. Hanna, Nurse Podolsky and M.L. Davis is cognizable and may proceed.  The claim for injunctive relief against these Defendants is denied as moot.

3. The First Amendment retaliation claim against Officer Herrarri is dismissed without prejudice to raising it in a separate lawsuit.

4. The claims against all other SQSP Defendants, Governor Brown, CDCR Secretary Beard, the CDCR and the State of California are dismissed.  Plaintiff was given the opportunity to correct the deficiencies in his Eighth Amendment medical and unsafe conditions claims against these Defendants and has failed to do so; accordingly, these claims against these Defendants are dismissed without leave to amend. See Mir v. Fosburg, 646 F.2d 342, 347 (9th Cir. 1980) (district court has broad discretion to grant or deny leave to amend, particularly where court has given plaintiff one or more opportunities to amend); Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987) (where written order identified defects in a complaint and provided leave to amend but amended complaint did not cure the deficiencies, district court could dismiss without leave to amend, reasonably concluding further amendment would be futile).

5. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the 1AC (Docket no. 7) and all attachments thereto and a copy of this Order to SQSP Defendants Dr. M. Hanna, Nurse Podolsky and M.L. Davis.  The Clerk shall also

1  mail a copy of the 1AC and a copy of this Order to the State
2  Attorney General's Office in San Francisco, and a copy of this
3  Order to Plaintiff.
4      6. Defendants are cautioned that Rule 4 of the Federal Rules
5  of Civil Procedure requires them to cooperate in saving
6  unnecessary costs of service of the summons and complaint.
7  Pursuant to Rule 4, if Defendants, after being notified of this
8  action and asked by the Court, on behalf of Plaintiff, to waive
9  service of the summons, fail to do so, they will be required to
10 bear the cost of such service unless good cause be shown for their
11 failure to sign and return the waiver form.  If service is waived,
12 this action will proceed as if Defendants had been served on the
13 date that the waiver is filed, except that pursuant to Rule
14 12(a)(1)(B), Defendants will not be required to serve and file an
15 answer before sixty days from the date on which the request for
16 waiver was sent.  (This allows a longer time to respond than would
17 be required if formal service of summons is necessary.)
    Defendants are advised to read the statement set forth at the
18 foot of the waiver form that more completely describes the duties
19 of the parties with regard to waiver of service of the summons.
20 If service is waived after the date provided in the Notice but
21 before Defendants have been personally served, the answer shall be
22 due sixty days from the date on which the request for waiver was
23 sent or twenty days from the date the waiver form is filed,
24 whichever is later.
25     7. The following briefing schedule shall govern dispositive
26 motions in this action:
27       a.   No later than thirty days from the date the answer
28 is due, Defendants shall file a motion for summary judgment or

12

other dispositive motion.  If Defendants file a motion for summary judgment, it shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.  At the time of filing the motion for summary judgment or other dispositive motion, Defendants shall comply with the Ninth Circuit's decisions in Woods v. Carey, 684 F.3d 934 (9th Cir. 2012), and provide Plaintiff with notice of what is required of him to oppose a summary judgment motion or other dispositive motion.

      b.   Plaintiff's opposition to the motion for summary judgment or other dispositive motion shall be filed with the Court and served on Defendants no later than twenty-eight days after the date on which Defendants' motion is filed.

Before filing his opposition, Plaintiff is advised to read the notice that will be provided to him by Defendants when the motion is filed, and Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendant's summary judgment motion.  Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn

declaration.  Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

       c.   Defendants shall file a reply brief no later than fourteen days after the date Plaintiff's opposition is filed.

       d.   The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

   8. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

   9. All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

   10. It is Plaintiff's responsibility to prosecute this case. He must keep the Court informed of any change of address by filing a separate document entitled, "Notice of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute.

   11. Extensions of time are not favored, though reasonable extensions will be granted.  Any motion for an extension of time must be filed no later than fourteen days prior to the deadline sought to be extended.

   IT IS SO ORDERED.

Dated: 9/2/2014

                                      CLAUDIA WILKEN
                                      UNITED STATES DISTRICT JUDGE