UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL SAMUEL JOHNSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M. HANNA, et al.,<br><br>　　　　Defendants. | Case No.  14-cv-01300-CW<br><br>ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL AND GRANTING REQUEST FOR EXTENSION OF TIME TO FILE OPPOSITION<br><br>Re: Dkt. No. 25 |

　　　On October 10, 2014, Defendants filed a motion to revoke Plaintiff's in forma pauperis status pursuant to 28 U.S.C. § 1915(g).  Plaintiff did not file an opposition.  Because Plaintiff had transferred to a new facility, the Court ordered Defendants to resend the motion to Plaintiff at his current address; Plaintiff's opposition was due twenty-eight days after Defendants filed their notice of service.  On December 31, 2014, Defendants filed notice that they served Plaintiff at his current address; thus, Plaintiff's opposition is due on January 28, 2015. On January 22, 2015, Plaintiff filed a letter requesting the appointment of counsel or an extension of time to file his opposition.

　　　"[I]t is well-established that there is generally no constitutional right to counsel in civil cases."  United States v. Sardone, 94 F.3d 1233, 1236 (9th Cir. 1996).  Nonetheless, under 28 U.S.C. § 1915(e)(1), the Court has the discretion to

1 appoint volunteer counsel for "any person unable to afford
2 counsel." The discretionary appointment of counsel typically is
3 reserved for cases involving "exceptional circumstances."
4 Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). "A
5 finding of exceptional circumstances requires an evaluation of
6 both 'the likelihood of success on the merits and the ability of
7 the petitioner to articulate his claims pro se in light of the
8 complexity of the legal issues involved.' Neither of these
9 factors is dispositive and both must be viewed together before
10 reaching a decision." Id. Here, exceptional circumstances
11 requiring the appointment of counsel are not evident. The
12 request for appointment of counsel is DENIED. If, in the future,
13 the Court concludes it is necessary to appoint counsel to
14 represent Plaintiff, it shall do so on its own motion.

15 The Court grants Plaintiff's request for an extension of
16 time to file his opposition, which is now due twenty-eight days
17 from the date of this order. No further requests for extensions
18 of time will be considered.

20 IT IS SO ORDERED.
21 Dated: 2/2/2015

_____
CLAUDIA WILKEN
United States District Judge

2